IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT STEVEN MIX                                                                      PLAINTIFF

        v.                    Civil No. 06-5163

PUBLIC DEFENDER'S OFFICE;
JAY SAXTON, Chief Public
Defender; and JANETTE
McKINNEY, Chief Deputy
Public Defender                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff's complaint was filed September 1, 2006. He proceed pro se and in forma pauperis  Before the undersigned is the issue of whether the complaint should be served.

## DISCUSSION

Mix contends his public defender, Janette McKinney, did nothing to defend him against state criminal charges. He names as defendants McKinney, Jay Saxton, the chief public defender, and the Public Defender's Office.

As relief, he asks that McKinney be fired. Mix also asks for compensatory damages.

Mix's claims are subject to dismissal. The defendants are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). An attorney does not act under color of state law while representing a client. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not

act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

## CONCLUSION

I therefore recommend the case be dismissed on the grounds the claims are frivolous or are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Mix has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Mix is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of September 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)